ORIGINAL

FILED
U.S. DISTRICT COURT

2009 JUL 29 AM II: 27

CLERK _L. J Eluder_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CLAUDIO MONTERO,                        )
                                        )
            Petitioner,                 )
                                        )
      v.                                )      CV 308-012
                                        )
ATTORNEY GENERAL; MICHAEL               )
CHERTOFF, Secretary of Department       )
of Home Land Security; MICHAEL J.       )
GARCIA, Assistant Secretary of U.S.     )
Immigration and Customs Enforcement; and )
WALT WELLS, Warden,[1]                  )
                                        )
            Respondents.                )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate incarcerated at McRae Correctional Facility ("McRae") in

McRae, Georgia, has filed a petition under 28 U.S.C. § 2241. For the reasons that follow,

the Court **REPORTS** and **RECOMMENDS** that the Attorney General; Janet Napolitano,

Secretary of Department of Home Land Security; and, John T. Morton, Assistant Secretary

of U.S. Immigration and Customs Enforcement be **DISMISSED** from this case, that the

---

[1] The Court takes judicial notice that Janet Napolitano has replaced Michael Chertoff
as Secretary of Department of Homeland Security and that John T. Morton has replaced
Michael J. Garcia as Assistant Secretary of United States Immigration and Customs
Enforcement. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the **CLERK** is
**DIRECTED** to substitute Janet Napolitano as the Secretary of Department of Homeland
Security and John T. Morton as the Assistant Secretary of United States Immigration and
Customs Enforcement.

instant petition be **DISMISSED**, and that this civil action be **CLOSED**.

## I.    BACKGROUND

On October 3, 2003, Petitioner was convicted in the United States District Court of the Virgin Islands of Conspiracy to Possess Cocaine with Intent to Distribute, 21 U.S.C. § 846, Possession of Cocaine with Intent to Distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii), and Use of a Communication Facility to Commit a Felony, 21 U.S.C. § 843(b). (Doc. no. 12, Ex. 4). Petitioner was sentenced to 130 months of imprisonment on the drug charges,[2] 48 months of imprisonment on the communication facility charge, and 5 years of supervised release. (Id.). Petitioner is due to be released from McRae on January 23, 2011. (Id. at Ex. 5).

Petitioner was born in the Dominican Republic. He immigrated to the United States as a lawful permanent resident in 1989. (Id. at Ex. 1). Petitioner filed an application for naturalization (Form N-400) on January 2, 2001. (Id.). Petitioner was interviewed on January 2, 2002, concerning his naturalization application. At this interview, Petitioner stated under oath that he had been arrested in June 2001, and that the case was pending. Petitioner also stated under oath at the January 2002 interview, that he had never been an illicit trafficker in narcotic drugs or marijuana. During this interview Petitioner failed to demonstrate a sufficient knowledge of Unites States history and government. (Id. at Ex. 2, p. 2). Therefore, Petitioner's application was continued, and Petitioner was issued a Continuance (Form N-14) advising him that he would be re-tested in United States history and government and that he would need to submit court documentation concerning his arrest

_____

[2]Petitioner's sentence was subsequently reduced to 120 months.

in June 2001. (Id.).

Petitioner was indicted on December 20, 2001, for the crimes for which he is currently incarcerated. (Id. at Ex. 3). On June 6, 2002, Petitioner had his second interview concerning his naturalization application. (Id. at Ex. 2). At this time, he passed the United States history and government portion of the application, but a final decision on his application was withheld because he had the pending criminal charges. (Id.). On October 3, 2003, Petitioner was convicted of the crimes for which he is currently incarcerated. (Id. at Ex. 4).

On December 2, 2005, Petitioner was placed into removal proceedings; on May 16, 2007, he was ordered to be removed from the United States pursuant to § 101(a)(43)(B) of the Immigration and Nationality Act. (Id. at Ex. 6). On October 15, 2007, the Board of Immigration Appeals affirmed the decision of the immigration judge to go forward with the removal proceedings based on the fact that Petitioner had not participated in a public naturalization ceremony and based on the fact that he had been convicted of an aggravated felony. (Id.).

Petitioner then filed the instant habeas petition challenging his removal proceedings and his order for deportation. Petitioner maintains that he is a naturalized United States citizen. He argues that his application for naturalization was approved and that he took the oath of declaration on June 6, 2002, pledging his allegiances to the United States. (Doc. no. 1, p. 3). Thus, he claims that he was already sworn in as a naturalized United States citizen prior to his October 2003 conviction. (Id. at 2-3).

In response, Respondent Wells argues, among other things, that Petitioner did not

exhaust his administrative remedies, that this Court does not have subject matter jurisdiction over the petition, that even if Petitioner had satisfied the administrative exhaustion requirement, his claim that he is a naturalized United States citizen fails as a matter of law. (See generally doc. no. 12). Petitioner submitted a reply brief in opposition to Respondent's response. (Doc. no. 17).

## II. DISCUSSION

### A. Proper Respondent

Petitioner named the Attorney General; Janet Napolitano, Secretary of Department of Home Land Security; John T. Morton, Assistant Secretary of United States Immigration and Customs Enforcement; and Walt Wells, Warden as Respondents in this case. However, the Attorney General, the Secretary of Department of Home Land Security; and the Assistant Secretary of United States Immigration and Customs Enforcement are not proper respondents because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Attorney General; Janet Napolitano, Secretary of Department of Home Land Security; and John T. Morton, Assistant Secretary of U.S. Immigration and Customs Enforcement be **DISMISSED** from this case.

4

### B. Challenge to Removal Proceedings

As explained above, Petitioner challenges his removal proceedings and his ultimate eligibility for deportation. On December 2, 2005, Petitioner was placed into removal proceedings; on October 15, 2007, the immigration judge's decision was upheld by the Board of Immigration Appeals. (Doc. no. 12, Exs. 2, 6). The REAL ID Act of 2005,[3] H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"), amended the judicial review provisions of 8 U.S.C. § 1252 to provide that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . [which includes] habeas corpus review pursuant to section 2241 of Title 28." 8 U.S.C. § 1252(a)(5). Section 1252 plainly divests this Court of any jurisdiction to entertain a collateral challenge to a final order of removal; in short, "[t]he provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun v. U.S. Attorney Gen., 425 F.3d 1356, 1360 (11th Cir. 2005). As Petitioner is challenging the final order of removal entered against him, he has filed his petition in the wrong court.[4]

## III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Attorney General, Janet Napolitano, Secretary of Department of Home Land Security, and John T. Morton,

---

[3] The actual name of the Act is the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005;" however, it is more commonly known and referred to as the REAL ID Act.

[4] The Court's conclusion in this regard pretermits consideration of Respondent Wells's remaining arguments.

Assistant Secretary of U.S. Immigration and Customs Enforcement be **DISMISSED** from this case, that the instant petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this ___ day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE